ALVAH LINDABURY ET AL., PROSECUTORS, v. THE TOWN-
SHIP OF CLINTON, IN THE COUNTY OF HUNTERDON,
RESPONDENTS.

Submitted March 20, 1919—Decided March 20, 1919.

The fact that the submission of the question of local option at a
     special election is safeguarded by specific legislative preparatory
     requirements, as to notice, public meetings and ballots, furnishes
     a legal constructive inference, in the absence of like requirements
     at the general election, that such protective publicity regula-
     tions were not within the legislative contemplation.

---

On *certiorari* to review determination of local option election.

Before Justices PARKER and MINTURN.

For the prosecutors, *George H. Large* and *H. Burdett
Herr.*

For the township, *Paul A. Queen.*

For the citizens, *George S. Hobart* and *William C. Geb-
hardt.*

The opinion of the court was delivered by

MINTURN, J. The writ of *certiorari* brings up the determination of a local option contest, before Mr. Justice Trenchard, upon a summary review of the facts presented as contemplated by section 25 of the Local Option act. *Pamph. L.* 1918, *ch.* 2.

The review of that determination is provided for by section 26 of the act, and is therein limited to a review of questions of law arising upon the record.

We are asked upon this review to determine questions *aliunde* the record and which were not presented in the first instance. This we are not required to do, either under the language of the act itself or under the well-settled rule governing this method of review, as determined by our adjudications. The twenty-fifth section of the act limits the initial inquiry before the justice to the consideration of a petition "setting forth the grounds of such contest."

In the case at bar the grounds presented to the learned justice at the summary hearing were two in number. The settled procedure incident to a review upon a writ of *certiorari* limits the inquiry to an examination of the record thus presented. 1 *Tidd Pr.* 407; *Jacques* v. *Hulit*, 16 *N. J. L.* 38; *Race* v. *Bird*, 24 *Id.* 37; *Marter* v. *Repp*, 82 *Id.* 272,

It was contended that the election in question should be set aside, because of the failure of the local clerk to advertise the specific fact that the question propounded by the act would be submitted to the voters.

The election was the general annual election, and the act in question contains no provision requiring such special publication of notice when the question is to be submitted at such election. The fact that the submission of the question at a special election is safeguarded by specific legislative preparatory requirements as to notice, public meetings and ballots furnishes a legal constructive inference in the absence of like requirements at the general election, that such protective publicity regulations were not within legislative contemplation, for the reason clearly stated by Mr. Justice Kalisch in *In re Lamb*, 105 *Atl. Rep.* 448.

The explicit legislative requirement of these protective essentials in the event of a special election, and their absence in the event of the submission of the same question at a general election, afford ample basis for the construction that in the one case the legislature deemed them a necessary prerequisite to the holding of a valid election, and that in the other the universality of knowledge concerning this prime essential of a citizen's duty would bring the fact home to him. *Quod non apparet non est.*

There is no serious contention in the case that a full and fair expression of local sentiment upon this question was not obtained at this election; that any voter was misled, deluded or ignorant of the situation, or failed to receive a sample ballot presenting the legislative query, and such being the fact the rule of law is settled that a mere clerical oversight, omission or deliction will not avoid the result. *Brown* v. *Street Lighting District,* 70 N. J. L. 762, and other cases referred to by Mr. Justice Trenchard in his opinion.

The contention that only a plurality of the vote determined the election is answered by the language of the sixteenth section of the act which provides that the result shall be determined by a majority "of the votes cast on the question submitted."

Other questions are presented in the brief of the petitioners, but we find it unnecessary to determine them, for the reason that the matters involved in their consideration antedate the election and were not presented at the summary hearing.

It may also be observed that their presentation at this juncture, for the first time, subjects the petitioners to the charge of laches. The alleged irregularities preceding the election, if they existed, were, we must assume, within the petitioners' knowledge, after the election, and, perhaps, before it, or were of such a character that by reasonable inquiry they could have been brought to their attention, as a basis for discussion, upon the summary hearing. But for almost two months after the summary determination their

legal importance as a basis for judicial action was ignored, and upon the application for this writ they were presented for initial hearing.

The act under review contemplates throughout its provisions a summary disposition of the legal questions which may eventuate from this legislation, and the doctrine of laches in such a situation applies to him who would be legally served, upon a question of formal procedure; and, particularly, where the public interests are concerned, the equitable rule applies that commends and rewards the alacrity of the vigilant. *McKevitt* v. *Hoboken*, 45 *N. J. L.* 482.

The writ will be dismissed, with costs.